UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| NOE T CANTU, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-04-658 |
| § | |
| UNIVERSITY OF TEXAS, AUSTIN, et al., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT MOTION TO DISMISS**

Plaintiff filed this lawsuit against the University of Texas at Austin and the Marine Science Institute. alleging that he was subject to racial harassment and terminated from his position as a Senior Captain of an ocean going research vessel because of his race and national origin and in retaliation for his prior complaints of discrimination (D.E. 1).  Plaintiff alleged causes of action pursuant to Title VII, 42 U.S.C. § 2000e(2)(a), and 42 U.S.C. §§ 1981 and 1983.  Plaintiff seeks monetary damages, prejudgment and post-judgment interest, attorney's fees, court costs and other legal or equitable relief to which he may be entitled (D.E. 1). Pending is defendant Marine Science Institute's  motion to dismiss plaintiff's claims against it because it is not an entity subject to suit, and defendant University of Texas at Austin's motion to dismiss plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1983 (D.E. 10).

   **A.  Motion to Dismiss Marine Science Institute**

Defendant Marine Science Institute moves to dismiss because it is a department of the University of Texas' College of Natural Sciences and is not a separate legal entity subject to suit.  Plaintiff agreed and the parties filed a joint stipulation to dismiss the Marine Science

Institute without prejudice (D.E. 13). It is respectfully recommended that all claims against defendant Marine Science Institute be dismissed without prejudice.

### B.  Motion to Dismiss §§ 1981 and 1983 Claims.

The University of Texas at Austin moves to dismiss plaintiff's claims filed against it pursuant to 42 U.S.C. §§ 1981 and 1983.  The University argues that it is immune to any such claims pursuant to the Eleventh Amendment of the United States Constitution.  Plaintiff failed to file a response.  At the time of the initial pretrial and scheduling conference held on March 2, 2005, plaintiff announced that he believed the defendant's motion had merit, that he would not be filing a response, and that he was unopposed to the granting of the motion.  Plaintiff further indicated that he would be filing an amended complaint deleting those claim withins two weeks and rendering the motion to dismiss moot.  To date no amended complaint has been filed.

Moreover, in addition to plaintiff's clear statement that he was unopposed to the dismissal of his §§ 1981 and 1983 claims, circuit law is in accord with the position of the defendant.  The Eleventh Amendment confers immunity on §§ 1981 and 1983 claims for monetary damages against the state and its agencies in federal court.  *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) (§ 1981 claims); *Clay v. Texas Women's University*, 728 F.2d 714, 715 (5th Cir. 1984) (§ 1983 claims).  Although it is not clear from plaintiff's complaint, to the extent he is seeking injunctive relief such as reinstatement or rehiring, plaintiff must name an individual state official as a party to the suit.  *Clay*, 728 F.2d at 716.  It is respectfully recommended that plaintiff's §§ 1981 and 1983 claims against defendant University of Texas at Austin be dismissed.

## RECOMMENDATION

It is respectfully recommended that defendant's motion to dismiss (D.E. 10) be granted in its entirety. All claims against defendant Marine Science Institute should be dismissed without prejudice. All §§ 1981 and 1983 claims against the University of Texas at Austin should be dismissed with prejudice.

SIGNED the 6th day of April, 2005.

_____
B. Janice Ellington
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).